IN THE CIRCUIT COURT OF GASCONADE COUNTY
STATE OF MISSOURI

| | |
|---|---|
| FIRST BAPTIST CHURCH OF BLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| GRINNELL MUTUAL REINSURANCE CO., ) | |
| a foreign, for profit insurance company, ) | |
| NAIC #14117, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve to: ) | |
| GRINNELL MUTUAL REINSURANCE CO., ) | |
| c/o Director of Insurance ) | |
| 301 W. High Street, Room 530 ) | |
| Jefferson City, Missouri 65101 ) | |

### PETITION

COMES NOW, Plaintiff, First Baptist Church of Bland (hereinafter "FBC Bland"), and for their cause of action against, Defendant, Grinnell Mutual Insurance Company, a foreign, for-profit insurance company, (hereinafter "Insurance Company"), and hereby states as follows:

### FACTS COMMON TO ALL COUNTS

1. First Baptist Church of Bland is a not for profit church that owns a building (hereinafter Church Building) located at 221 W. Kansas City Avenue, Bland, MO 65014, located within the County of Gasconade, State of Missouri.

2. The members of the Church meet in the Church Building for their worship services, Sunday School, and fellowship meetings.

3. Insurance Company, Grinnell Mutual Reinsurance Co., (NAIC #14117), is a foreign, for-profit insurance company licensed by the Missouri Department of Insurance to write insurance policies in the State of Missouri.



EXHIBIT A

4. Insurance Company issued to FBC Bland an insurance policy, number 0000548192, insuring against damage to premises of the Church Building.

5. FBC Bland paid to Insurance Company the insurance premiums demanded by Insurance Company for the purpose of issuing the insurance policy.

6. Said policy states that Insurance Company "…will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

7. The "premises described in the Declarations" is the Church located at 221 W. Kansas City Avenue, Bland, Missouri 65014 and pursuant to the policy includes but is not limited to canopies and awnings, any appurtenant structures and property in the open, and cemetery buildings.

8. On or about April 26, 2016, the city of Bland experienced severe thunderstorms which produced hailstones.

9. The hailstones damaged the roof of the Church.

10. FBC Bland initiated a claim upon their insurance policy (claim number MO00043491 MHU).

11. Upon information and belief, Insurance Company received notice of this claim on or about May 27, 2016.

12. Insurance Company sent a "denial letter" to FBC Bland on or about July 5, 2016.

13. Insurance Company hired Allstate Consultants to inspect the property. Insurance Company mailed a second "denial letter" to FBC Bland on or about June 9, 2017.

14. The damage to the roof of the Church caused by the storm has "led to long term interior moisture damage in numerous locations."

Electronically Filed - Gasconade County - December 20, 2017 - 04:53 PM

Electronically Filed - Gasconade County - December 20, 2017 - 04:53 PM

15. On or about October 11, 2017, Plaintiff sent a formal demand to Insurance Company.

16. Plaintiff requested all "reports, pictures, and documentation [insurance company] relied upon to determine [the] damage is not covered."

17. In a letter dated November 3, 2017, Insurance denied the claim and did not produce any information relied upon to reach their conclusion to deny the claim.

### COUNT I:  VEXATIOUS REFUSAL TO PAY AN INSURANCE CLAIM

18. Plaintiff incorporates by reference the above paragraphs.

19. FBC Bland made a demand of Insurance Company on multiple occasions to pay for the repairs to the church roof.

20. To date, Insurance Company has failed or refused to pay the demand.

21. Insurance Company's refusal to pay is vexatious and without reasonable cause in that:

   a.) Insurance Company ignored and/or disregarded documentation of damage to the roof that was provided to them by FBC Bland both in pictures and by in person inspection;

   b.) Insurance Company failed to acknowledge and ignored actual damage to the roof;

   c.) Insurance Company, in their denial failed to provide any explanation for their denial or an alternative explanation for the damage on the roof;

   d.) Insurance Company failed to provide evidence of pre-existing damage in the event it believes it exists;

   e.) Insurance Company failed or refused to provide any reports, pictures or documentation relied upon to determine that the damage was not covered by the storm;

22. Insurance Company has failed or refused to pay to fix the Church's roof without

reason or justification.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum to be found reasonable by a jury upon the trial of this case for the replacement costs of the roofs on the Church buildings, all costs to repair the long term interior moisture damage in numerous locations, attorney fees and costs associated with the brining of this action, statutory damages pursuant to RSMo. Section 375.420, and any additional relief as may seem to the court to be just in the premises.

## COUNT II: BREACH OF CONTRACT

23. Plaintiff incorporates by reference the above paragraphs.

24. Plaintiff entered into an insurance contract whereby Defendant agreed to insure Plaintiff against property damage loss, in exchange for good and valuable consideration in the form of insurance premiums paid by Plaintiff to Defendant.

25. Plaintiff paid said premiums to Defendant Insurance Company.

26. That Defendant Insurance Company breached their agreement with Plaintiff by failing and refusing to pay to repair the property damage to Plaintiff's property.

27. That Plaintiff has incurred attorney's fees and court costs in bringing this action in a total amount yet to be determined.

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum to be found reasonable by a jury upon the trial of this case for the replacement costs of the roofs on the Church buildings, all costs to repair the long term interior moisture damage in numerous locations, attorney fees and costs associated with the brining of this action, and any additional relief as may seem to the court to be just in the premises.

Respectfully submitted,

Electronically Filed - Gasconade County - December 20, 2017 - 04:53 PM

GRAYSON & GRAYSON, LLC

By: */s/ S. Matthew Grayson*
S. Matthew Grayson #57724
915 Southwest Blvd., Suite N
Jefferson City, MO 65109
Telephone:   573-635-0308
Facsimile:    573-635-0471
matt@graysonlegal.com

ATTORNEYS FOR PLAINTIFF

**JURY TRIAL DEMANDED**