UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FIRST BAPTIST CHURCH OF BLAND, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:18-CV-00099-NCC |
| GRINNELL MUTUAL REINSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff First Baptist Church of Bland's Motion to Remand (Doc. 13). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 15). For the following reasons, Plaintiff's Motion will be **GRANTED** and this action will be **REMANDED** to the Circuit Court of Gasconade County, Missouri.

## I. Background

Plaintiff First Baptist Church of Bland ("FBC Bland") filed this action for Vexatious Refusal to Pay (Count I) and Breach of Contract (Count II) against Defendant Grinnell Mutual Reinsurance Company ("Grinnell") on December 20, 2017, in the Circuit Court of Gasconade County, Missouri (Doc. 7) (the "Original Petition"). FBC Bland alleges that Grinnell improperly failed to pay FBC Bland's claim for damage to the roof of a building it owns (*Id.*). Grinnell was served with the Petition on January 2, 2018 (Doc. 13 at 1; Doc. 14 at 1). On January 15, 2018, FBC Bland filed an Amended Petition that added a claim for Engineer Malpractice (Count III) against a new defendant, Defendant Allstate Consultants, LLC ("Allstate") (Doc. 13-1) (the "Amended Petition"). On January 20, 2018, Allstate was served with the Amended Petition

(Doc. 13-2). Grinnell filed a Notice of Removal in this Court on January 22, 2018, including only the Original Petition, based on diversity jurisdiction (Doc. 1).

On February 12, 2018, FBC Bland filed a Motion to Remand in which it argues that although Grinnell may not have been aware of the Amended Petition at the time of their filing the Notice of Removal, with the addition of Allstate, diversity of citizenship no longer exists between FBC Bland and Defendants (Doc. 13). Grinnell responds that the addition of Allstate amounts to fraudulent joinder as FBC Bland fails to state a claim against Allstate and Allstate was joined merely to defeat diversity jurisdiction (Doc. 14).

**II. Analysis**

Removal of actions is governed by 28 U.S.C. § 1441 which states, in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Federal courts have original jurisdiction, as is alleged here, where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). To effect removal, all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). *See, e.g., Chicago, R.I. & P. Ry. v. Martin*, 178 U.S. 245, 248 (1900) ("[I]t [is] well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition. . . ."). "[T]he failure of one defendant to consent renders the removal defective[.]" *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941)*; In re Bus. Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir. 1993)*; Manning v. Wal–Mart Stores East, Inc.,* 304 F.Supp.2d 1146, 1148

(E.D. Mo. 2004) *(citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997)).

Grinnell improperly removed this action without the consent of its co-defendant Allstate. Allstate was properly served with the Amended Petition on January 20, 2018, two days prior to Grinnell's removal of this action. While the Amended Petition was filed and publicly available on January 20, 2018, it is unclear from the record if Grinnell was served with the Amended Petition prior to its removal of this action. Regardless, whether Grinnell was served with the Amended Petition is not at issue under Section 1446. Further, although Grinnell asserts that the Court should disregard the joinder of Allstate to this action in light of FBC Bland's failure to state a claim against Allstate, the Court may not review a defense on behalf of one defendant asserted by the other. *See White v. Bombardier Corp.,* 313 F. Supp. 2d 1295, 1301 (N.D. Fla. 2004) ("Allowing a defendant to remove a case without the consent of a codefendant based on the removing defendant's interpretation of the jurisdictional allegations of a complaint would give the removing defendant a right to assert another defendant's personal defense without that defendant's consent."). Therefore, because Grinnell failed to get proper consent of co-defendant Allstate, the Court must remand this action.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff First Baptist Church of Bland's Motion to Remand (Doc. 13) is **GRANTED** and this case is **REMANDED** to the Circuit Court of Gasconade County, Missouri. A separate Order of Remand will accompany this Memorandum and Order.

Dated this 12th day of April, 2018.             /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE